IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| Grand Trunk Western Railroad Company, a Michigan Corporation | ) ) ) Case No. |
| Plaintiff, | ) ) |
| v. | ) 2:20 - cv - 12343 ) |
| Buckeye Terminals, LLC, a Delaware Limited Liability Company | ) ) ) |
| Defendant. | ) ) |

## Complaint

Plaintiff, Grand Trunk Western Railroad Company ("GTW") by its attorneys and for its Complaint against Defendant, Buckeye Terminals, LLC ("Buckeye") states as follows:

## Parties

1. GTW is a Michigan Corporation and is a common carrier by rail headquartered at 17641 South Ashland Avenue, Homewood, Illinois 60430.

2. Buckeye is a Delaware Corporation with a location at 20755 West Road, Woodhaven, MI 48183. Its Registered Agent in Michigan is CSC-Lawyers Incorporating Service, located at 601 Abbot Road, East Lansing, Michigan 48823.

## Jurisdiction and Venue

3. This Court has both federal question and diversity jurisdiction over this matter.

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction because this cause of action concerns demurrage charges governed by tariffs established pursuant to 49 U.S.C. § 10746 and 49 C.F.R. Part 1333.

1

5.      Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction, as the parties are citizens of different states (GTW, Michigan and Buckeye, Delaware) and the amount in controversy is $890,402.97 in demurrage and documentation charges due and owing by Buckeye to GTW.

6.      Venue is appropriate in the Eastern District of Michigan, Southern Division pursuant to 28 U.S.C. § 1391(b)(2), as the actions giving rise to the Complaint, namely car storage and documentation, occurred in Woodhaven and Flat Rock, Wayne County, Michigan.

**Facts**

7.      As a common carrier by rail, GTW transports goods as part of an interstate rail system from Michigan to Chicago and between various spots in and around Southeast Michigan, including Wayne County.  GTW moves private railcars loaded with freight in interstate commerce along its rail lines, which by their nature occupy space on GTW's tracks until they are accepted at their final destination.

8.      Efficient rail service relies upon many components, one of which is that customers must be prepared to receive their railcars when they are ready to be delivered.  If the customer is not prepared to receive the railcars when they arrive, they must be stored on GTW's tracks, which congests GTW's rail network and takes up space that would otherwise be used to move other customers' rail cars. GTW has numerous rail storage locations across its network, including facilities in Woodhaven, Wayne County, Michigan.

9.      Charges for the storage of cars on rail property for customers who are not able to take custody of their product at the time of arrival are referred to as demurrage charges. The Federal Government has recognized the importance of rail network fluidity and efficiency and has accordingly issued rules and regulations governing the issuance of demurrage charges. For

example, in 49 USC § 10702, Congress mandated that rail carriers, such as GTW, must establish rules and practices on matters related to transportation or service to encourage the efficient use of equipment.

10. Congress has also required, pursuant to 49 U.S.C. § 10746, that rail carriers providing transportation subject to the jurisdiction of the STB shall compute demurrage charges and establish rules related to those charges in a way that fulfills national needs related to freight car use and distribution and an adequate supply of freight cars to be available for transportation of property. The regulations at 49 C.F.R. Part 1333 authorize rail carriers to charge demurrage and require the receiver of railcars to pay such charges. *See, Demurrage Liab.*, No. EP 707, 2014 WL 1399404 (Apr. 9, 2014).

11. Together, these statutes and regulations reflect the Federal Government's mandate that railroads maintain efficient and fluid operations to ensure the efficient operation of the national rail network, of which GTW is a part.

12. Therefore, GTW is mandated to establish rules to ensure that railcars on GTW's rail network are received as quickly as possible by the responsible party so that GTW's rail network can handle other rail traffic as needed as a part of the national freight system.

13. In accordance with these rules and regulations, GTW has established tariffs for demurrage fees for railcars that its customers fail to receive in a timely manner, and charges these fees on a daily basis consistent with federal mandates to encourage the receivers to take timely delivery of their railcars.

14. These demurrage payment obligations are set forth in what are known as GTW's Tariffs 9000-AC versions S1, S2, S4, S5, S6, and S8, Items 9200, 9250, and 9300 (attached and

incorporated herein as part of Exhibit A and hereafter referred to as the "Demurrage Tariff Items"), which govern GTW's rules and practices with regard to the demurrage of railcars. One of the receivers of these railcars at GTW's facilities in Woodhaven, Wayne County, Michigan is Buckeye.

15. Buckeye, pursuant to federal mandates and the Demurrage Tariff Items has obligations to expeditiously receive railcars. Starting February 7, 2019, Buckeye failed to expeditiously receive its railcars and therefore began to incur charges pursuant to the Demurrage Tariff Items.

16. GTW has also established tariffs that address charges for documentation under certain circumstances. Tariff 9000-AC (S8) Item 3050 governs documentation charges for incorrect shipping instructions. This item is also part of Exhibit A and is referred to as the "Documentation Tariff Item".

17. Buckeye, in December of 2019, incurred documentation charges pursuant to the Documentation Tariff Item due to several cars being overloaded, voiding their waybills and requiring GTW to manually update the same.

18. These demurrage and documentation charges are outlined on the invoices attached as Exhibit B, and summarized in the spreadsheet attached as Exhibit C.

19. Buckeye has refused to pay these charges.

## Count I

(DEMAND FOR PAYMENT)

20. GTW incorporates paragraphs 1 through 19 of this Complaint as though fully set forth herein.

21. These charges that GTW has invoiced to Buckeye are a liability of Buckeye and should be paid in accordance with GTW Tariffs set forth in the Demurrage Tariff Items and the Documentation Tariff Item.

22. Currently the amount in controversy is $890,425.00, and charges may continue to accrue.

WHEREFORE, GTW requests that this Court enter an order and judgment against Buckeye requiring Buckeye to pay GTW $890,425.00 as of the date of this filing and such other charges as may continue to accrue, and for other relief that this Court deems just and equitable and also award GTW its costs for bringing this action.

Date: August 27, 2020

                                      Respectfully Submitted,

                                      Grand Trunk Western Railroad Company

                                      By: /s/Peter C. McLoed
                                            Peter C. McLeod
                                            One of its attorneys

Peter C. McLeod
Fletcher & Sippel, LLC
29 North Wacker Drive, Suite 800
Chicago, IL 60606-3208
Phone: (312) 252-1500
Facsimile: (312) 252-2400
pmcleod@fletcher-sippel.com
Michigan State Bar ID # P 80422